IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| KENNETH ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:04 cv 10 DRH |
| | ) | |
| RANDO MACHINE CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Motion to Compel Rule 35 Examination filed by the defendant, Rando Machine Corporation, on May 6, 2005 (Doc. 29) and the Motion to Strike filed by the plaintiff, Kenneth Rogers, on May 20, 2005 (Doc. 38). For the reasons set forth below, the Motion to Compel Rule 35 Examination is **GRANTED** (Doc. 29) and the Motion to Strike is **DENIED** (Doc. 38).

Background

The plaintiff, Kenneth Rogers, was severely injured in October, 1999, while using a machine that he claims was defective. Rogers was examined by his vocational expert, David Kutchback, who estimated that Rogers' loss of wages to be $36,000 per year. Based on this, the plaintiff estimates his future lost wages to be in the range of $980,000 to $1,200,000. By a letter dated April 26, 2005, the defendants sought to have their vocational expert, James England, examine the plaintiff in order to make their own estimation of the plaintiff's future lost wages. The plaintiff declined to submit to the examination by letter dated April 28, 2005.

On June 3, 2005, an in person hearing was held in this matter. The plaintiff argued that

the defendant has already deposed him regarding his injuries. The plaintiff further argued that the defendant has access to its expert's report and other documents (including medical records and school records) that would negate the necessity of any additional vocational assessment. The defendant, on the other hand, argued that their expert will conduct different and more detailed tests than the plaintiff's expert. The defendant further has argued that their expert is more qualified than the plaintiff's expert and is therefore capable of performing more detailed tests and analyses than the plaintiff's expert.

Discussion

Federal Rule of Civil Procedure 35 governs the examination of a party:

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The notes to the 1991 amendment to this Rule indicate that the 1991 amendment revises a 1988 amendment to include "other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute." A vocational expert has been found to be a professional who can offer testimony about a condition that is the subject of dispute and thus within the scope of Rule 35. See Sice v. Oldcastle Glass, Inc., 2005 WL 82148, *3 (D. Colo. 2005); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262

(E.D. Pa. 1999); See also, Shumaker v. West, 196 F.R.D. 454 (S.D. W. Va. 2000) (analyzing a request for an examination by a vocational expert/psychologist under Rule 35); In re Falcon Workover Co, Inc., 186 F.R.D. 352, 353-354 (E.D. La. 1999); But See, Storms v. Lowe's Home Centers, Inc., 211 F.R.D. 296, 298 (W.D. Va. 2002) ("The undersigned is of the view that where a party seeks a mere vocational assessment not connected with any physical or mental examination, as is the case here, Rule 35 is not implicated.").[1]

       This Court, based on the conclusion of other district courts and the advisory notes to the Rule, concludes that Rule 35 does apply to situations, as here, where the defendant is seeking a vocational expert examination of the plaintiff.  The leading case on whether a matter is "in controversy" and whether "good cause" exists is Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234 (1964).  In that case, the Supreme Court held that the parties must produce sufficient information to allow the Court to find that a matter is "really and genuinely in controversy" and that "good cause exists for ordering each particular examination" – i.e. that the material be more than just relevant.  Schlagenhauf, 379 U.S. at 118-119, 85 S.Ct. at 242-243.  In clarifying, the Court noted that some cases may require an evidentiary hearing and that, in other cases, "the pleadings alone are sufficient to meet these requirements"; as, for example, in a negligence action where a plaintiff alleges injury.  Schlagenhauf, 379 U.S. at 118-119, 85 S.Ct. at 243.

---

[1] The Court also notes that there are a number of unreported cases that have discussed the applicablility of Rule 35 to examinations by vocational experts.  See Magee v. Pride Offshore, Inc., 2004 WL 224561, *2-3 (E.D. La. 2004) (analyzing vocational experts examination under Rule 35); Malone v. Med Inn Centers of America, LLC, 2004 WL 1080155, *2 (W.D.N.Y. 2004) (same); Norfolk Dredging Co v. M/V A.V. Kastner, 2003 WL 23305262, *1 (D. Md. 2003) (same); Douris v. County of Bucks, 2000 WL 1358481, *3 (E.D. Pa. 2000) (same).

The matter of the extent of the plaintiff's ability to be gainfully employed are in controversy and good cause exists for the defendant's proposed examination.  By seeking damages for future lost wages, the plaintiff has placed the issue in controversy.  Moreover, the defendants have asserted that they object to the damages claim, which totals over $1 million, and are affirmatively seeking to challenge the plaintiff's assessment of these alleged damages.  Good cause further exists because the defendant has presented evidence that their expert is more qualified than the plaintiff's expert, that he holds certifications with the State of Missouri, and that he will be performing tests that are substantially different than those tests performed by the plaintiff's experts.  In addition, it would be fundamentally unfair to allow the plaintiff to elicit expert testimony while, at the same time, to prohibit the defendant from challenging that testimony in a meaningful manner.  Therefore, this Court is convinced that vocational experts are within the meaning of Rule 35, that the defendant has made a showing that the issue of the plaintiff's future lost wages is in controversy, and that good cause exists for allowing the defendant's vocational expert to examine the plaintiff.

In addition to objecting to the examination, the plaintiff also has requested that his attorney be present at the examination.  The plaintiff has provided no authority to support such a request.  Therefore, such a request is **DENIED**.  Nonetheless, the defendants shall not merely repeat tests performed by the plaintiff's expert, nor shall they seek information from the plaintiff that has already been provided through deposition testimony or other documentary evidence.

For the foregoing reasons, the Motion to Compel Rule 35 Examination filed by the defendant, Rando Machine Corporation, on May 6, 2005 is **GRANTED** (Doc. 29) and the

Motion to Strike filed by the plaintiff, Kenneth Rogers, on May 20, 2005 is **DENIED** (Doc. 38).

**DATED: June 17, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
