**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**KENNETH ROGERS,**

    **Plaintiff,**

vs.

**RANDO MACHINE CORP., et al.,**

    **Defendants.**                                 **No. 04-CV-00010-DRH**

**ORDER**

**HERNDON, District Judge:**

       Upon being notified by the parties that a settlement had been reached, on August 30, 2005, the Court entered its Order of Dismissal in this case, but retained jurisdiction over the case for purposes of enforcing the settlement agreement. (Doc. 61.) Pursuant to the dismissal order, the parties had a sixty (60) day window from the date of the order in which to move to reopen the case for purposes of enforcing the settlement agreement.

       One of plaintiff's attorneys, Gordon W. Neilson, has filed a timely motion to reopen the case. (Doc. 62.) However, his request deviates slightly – instead of asking the Court to reopen the case to enforce the settlement agreement, he requests

1

the Court to enforce his attorney lien and interest thereon. It is unclear from the instant motion as to whom Mr. Neilson seeks to enforce his lien against. Either way, enforcing a lien for attorneys' fees is a matter collateral to enforcing the settlement agreement between the parties. It is a separate contractual matter existing between Mr. Neilson and either his client or co-counsel (depending upon the party he seeks to enforce the lien against) or could even involve a Defendant failing to honor a perfected lien.

In order to consider the instant motion, the Court must have independent jurisdiction over the matter. Clearly, Mr. Neilson has not supplied sufficient information necessary for the Court to determine whether proper jurisdiction exists. It is possible that jurisdiction may exist under **28 U.S.C. § 1332**, however, the Court is unaware of whom Mr. Neilson specifically seeks to enforce the lien against, whether that party is diverse from Mr. Neilson, and also whether the amount in controversy would be met. Otherwise, it is very likely that this shall be a matter to be resolved in state court.

At this time, Plaintiff's Motion to Open Case and to Retain Jurisdiction Thereof is **GRANTED**, so that the Court does not lose jurisdiction pursuant to its previous order. However, Mr. Neilson is required to amend his motion for adjudication of his attorney lien in order to be more specific in his claim as to whom he seeks to enforce his lien against and the basis of this Court's jurisdiction. The amended motion must be filed on or before November 21, 2005. For that purpose,

the Clerk is directed to **REOPEN** this file.

        **IT IS SO ORDERED.**

Signed this 24th day of October, 2005.

                                                  /s/       David RHerndon

                                          **United States District Judge**