IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNETH ROGERS,**

    **Plaintiff,**

**vs.**

**RANDO MACHINE CORP., et al.,**

    **Defendants.**                               No. 04-CV-00010-DRH

### ORDER

**HERNDON, District Judge:**

On October 21, 2005, one of plaintiff's attorneys, Gordon W. Neilson, filed a motion to reopen the case (Doc. 62), which had previously settled with a 60-day dismissal order in effect. Based upon Mr. Neilson's Motion, the Court, in an Order issued October 24, 2005, instructed the Clerk to reopen the case file (Doc. 63). However, because it was unclear from the face of the Motion whether the Court retained jurisdiction over a seemingly collateral matter – enforcing an attorneys' lien allegedly held by Mr. Neilson – the Court also directed Mr. Neilson file a jurisdictional statement, explaining why jurisdiction was proper in federal court, instead of state court (*Id.*).

Mr. Neilson was to file this jurisdictional statement by November 21, 2005 (*Id.*). Since that time, because the Court was informed that the parties or the parties' attorneys' were attempting to reach some type of settlement of the matter, the

Court granted Mr. Neilson four separate extensions of time to file the jurisdictional statement (*see* Docs. 64-67). The most recent deadline to file the jurisdictional statement was May 15, 2006 (*see* Doc. 67).

To date, no jurisdictional statement has been filed, nor has Mr. Neilson requested a further extension of time or communicated to the Court in any way regarding this matter. Therefore, based upon the Court's initial Order questioning whether it would have jurisdiction over a collateral matter of enforcing an attorneys' lien (which appears to be merely a state contractual enforcement issue) and because no further rationale has been provided for the Court to base its determination upon, the Court **VACATES** its previous Order (Doc. 63) granting Mr. Neilson's Motion to Reopen Case (Doc. 62) and hereby **DENIES** the Motion, finding that the Court lacks jurisdiction over the subject matter of enforcing Mr. Neilson's attorneys' lien. The case is hereby **DISMISSED**.

The Clerk is directed to **CLOSE** this case and enter a judgment **DISMISSING** the case.

**IT IS SO ORDERED.**

Signed this 20th day of June, 2006.

/s/        David RHerndon
**United States District Judge**